# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBERT JACKSON, JR., | Case No. EDCV 18-21-PSG (AFM) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |
| J. GASTELO, | |
| Respondent. | |

In 2012, petitioner was convicted of possession of a firearm by a felon. He was sentenced to state prison for a term of seven years. [ECF No. 1 at 2.] On January 4, 2018, he filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his sole claim for relief, petitioner alleges that a review of his prison record reveals that he has not been properly awarded sentence credits. [ECF No. 1 at 3.] For the following reasons, the petition is subject to summary dismissal.

---

[1]    Petitioner previously filed a habeas corpus petition in this Court challenging the validity of his 2012 conviction. Case No. EDCV 17-1850-PSG (AFM). Because the present petition does not challenge petitioner's conviction or sentence, but rather the subsequent computation of sentence credits, it is not successive within the meaning of 28 U.S.C. § 2244 (b). *See Hill v. Alaska*, 297 F.3d 895, 898–899 (9th Cir. 2002) (explaining that a challenge relating to the calculation of a release date, rather than "the sentence itself," was not barred as successive).

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States; it is not available for errors in the interpretation or application of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner does not allege that he has been deprived of any federally protected right. Therefore, as pleaded, the petition fails to state a cognizable federal claim for relief. *See, e.g.*, *Perry v. Hill*, 2012 WL 6082449, at *4 (C.D. Cal. October 23, 2012) (finding a claim of entitlement to conduct credits under Cal. Penal Code § 4019 is not cognizable on federal habeas review); *Hampton v. Vasquez*, 2013 WL 3669741, at *11 (C.D. Cal. July 11, 2013) (finding a challenge to computation of time credits under Cal. Penal Code §§ 2933.1 and 4019 is not cognizable in federal habeas).

Furthermore, even if petitioner's allegations were construed as raising a cognizable federal claim, it is clear from the face of the petition that he has not exhausted his state court remedies. [See ECF 1 at 5.][2] A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS SO ORDERED.**

DATED: 2/9/18

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

---

[2]    The Court notes that considering that petitioner used the California Judicial Counsel form and wrote "Superior Court of California" in the caption, it appears that he may have intended to file this petition in the California Superior Court.

2